IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>v<br><br>$12,890.00 IN UNITED STATES FUNDS,<br>      Defendant Property. | CASE NO.  3:11-cv-108 |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

### *Nature of the Action*

1. This is a civil action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6), to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: $12,890.00 in United States funds, (hereinafter "Defendant Property").

### *The Defendant in Rem*

2. The Defendant Property consists of $12,890.00 in United States funds, that were seized from Danny Ray Cromer and Calvin Russell Lynch on March 28, 2011, on I-85 South, in Carnesville, Franklin County, Georgia. The Defendant Property is presently in the custody of the United States Customs and Border Protection ("Customs") and has been deposited into the Customs Suspense Account.

### *Jurisdiction and Venue*

3. Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1395, because the Defendant Property was seized in Franklin County, Georgia, which is a place within the Middle District of Georgia.

6. The seizure was adopted by the United States Department of Homeland Security, Customs, which began administrative forfeiture proceedings. On or about May 16, 2011, Pamela Sharon Griffin, through her attorney, Chauncy Bailey, Esq., 3992 Redan Road, Stone Mountain, Georgia 30083, filed a claim with Customs, after which Customs referred the matter to the United States Attorney for the Middle District of Georgia.

### *Basis For Forfeiture*

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled

Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

### *Factual Allegations*

8.  On March 28, 2011, at approximately 12:27 p.m., Trooper First Class C. Coffee of the Georgia State Patrol ("GSP"), observed a Lincoln Town Car with dark window tint on I-85 South near mile marker 171.

9.  TFC Coffee stopped the vehicle for a window tint violation and made contact with the driver, later identified as Danny Ray Cromer ("Cromer"), and the passenger, later identified as Calvin Russell Lynch ("Lynch").

10. The vehicle was registered to Pamela Sharon Everett, who was not present at the traffic stop.

11. TFC Coffee made contact with Cromer and observed that he immediately lit a cigarette, his hand was shaking, and that he appeared to be unusually nervous.

12. When asked by TFC Coffee where they were driving to, Cromer stated that they were going to Gwinnett.

13. Upon the arrival of backup, TFC Coffee asked for consent from Cromer to search the vehicle. Cromer initially informed TFC Coffee that he could not search the vehicle and that he was in a hurry.

14. At that point, TFC Coffee requested that a K-9 be brought to the scene of the traffic stop to conduct a free-air sweep of the vehicle. While waiting for the K-9 to arrive, Cromer gave verbal consent to TFC Hendrix to search the vehicle. TFC Coffee verified with Cromer that he had given consent prior to searching the vehicle.

15. During the search of the vehicle, TFC Coffee found what appeared to be a small crack cocaine rock under the front passenger seat and a large amount of United States currency inside the trunk, contained within a grocery bag and wrapped with duct tape.

16. Both Cromer and Lynch were arrested for Possession of Crack Cocaine and transported to the Franklin County Jail for booking.

17. A criminal history records check revealed that both Cromer and Lynch have had prior arrests and convictions for narcotics violations.

18. The Defendant Property was seized for a total amount of $12,890.00.

### *Conclusion*

19. Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, constitutes proceeds traceable to such an exchange, and/or constitutes money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such

other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED, August  15 , 2011.

        MICHAEL J. MOORE
        UNITED STATES ATTORNEY


By:   s/ DANIAL E. BENNETT
      ASSISTANT UNITED STATES ATTORNEY
      GEORGIA STATE BAR NO.  052683
      UNITED STATES ATTORNEY'S OFFICE
      Post Office Box 1702
      Macon, Georgia 31202-1702
      Telephone: (478) 752-3511
      Facsimile: (478) 621-2712